No. 2024-108

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

IN RE: TRANSGENDER AMERICAN VETERANS ASSOCIATION,

Petitioner.

On Petition for a Writ of Mandamus to the Department of Veterans Affairs

**RESPONSE TO MANDAMUS PETITION**

BRIAN M. BOYNTON
   *Principal Deputy Assistant Attorney General*

GERARD SINZDAK
DAVID L. PETERS
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7209*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 514-1673*

# TABLE OF CONTENTS

|   | Page |
|---|---:|
| INTRODUCTION | 1 |
| STATEMENT OF THE CASE | 1 |
| DISCUSSION | 8 |
| CONCLUSION | 11 |
| CERTIFICATE OF COMPLIANCE | |

# TABLE OF AUTHORITIES

**Cases:** **Page(s)**

*Ebanks v. Shulkin*,
    877 F.3d 1037 (Fed. Cir. 2017) .............................................................. 9, 10

*International Union, United Mine Workers of Am., In re*,
    231 F.3d 51 (D.C. Cir. 2000) ................................................................... 9, 10

*Martin v. O'Rourke*,
    891 F.3d 1338 (Fed. Cir. 2018) .............................................................. 9, 10

*Monk v. Shulkin*,
    855 F.3d 1312 (Fed. Cir. 2017) ...................................................................... 8

*Mote v. Wilkie*,
    976 F.3d 1337 (Fed. Cir. 2020) ................................................................ 1, 8

*United Steelworkers of Am. v. Rubber Mfrs. Ass'n*,
    783 F.2d 1117 (D.C. Cir. 1986) ...................................................................... 9

*Wolfe v. McDonough*,
    28 F.4th 1348 (Fed. Cir. 2022) ....................................................................... 9

**Statutes:**

Sergeant First Class Heath Robinson Honoring our Promise to Address
    Comprehensive Toxics Act of 2022,
    Pub. L. No. 117-168, 136 Stat. 1759 ........................................................ 5, 6

38 U.S.C. § 1710(a)(1) ........................................................................................ 2

38 U.S.C. § 1710(a)(2) ........................................................................................ 2

38 U.S.C. § 1710(a)(3) ........................................................................................ 2

**Regulatory Materials:**

38 C.F.R. § 17.36 ................................................................................................. 2

38 C.F.R. § 17.38 ................................................................................................. 2

38 C.F.R. § 17.38(a)(1)(iii) ........................................................................................ 2

38 C.F.R. § 17.38(a)(2)(i) .......................................................................................... 2

38 C.F.R. § 17.38(c) .................................................................................................. 2

38 C.F.R. § 17.38(c)(4) ........................................................................................ 2, 10

83 Fed. Reg. 31,711 (July 9, 2018) .......................................................................... 3

Exec. Order No. 12,866,
  58 Fed. Reg. 51,735 (Sept. 30, 1993) ................................................................. 5

**Other Authorities:**

Letter from Denis R. McDonough, U.S. Sec'y of Veterans Affairs, U.S. Dep't of
  Veterans Affairs, to M. Dru Levasseur, Lambda Legal Def. & Educ. Fund, Inc.
  (Feb. 22, 2024) ........................................................................................ 1, 6, 7, 8, 10

U.S. Dep't of Veterans Affairs, *One Year of the PACT Act: A Historic Expansion of
  Benefits and Health Care for Veterans and Their Survivors* (Aug. 10, 2023),
  https://perma.cc/4BST-MCCW .......................................................................... 6

U.S. Dep't of Veterans Affairs, *Remarks by Secretary Denis R. McDonough, Orlando VA
  Healthcare System's 11th Annual Pride Month Celebration* (June 19, 2021),
  https://perma.cc/ZUB5-CXUE ....................................................................... 4, 5

U.S. Dep't of Veterans Affairs, *The PACT Act and Your VA Benefits*,
  https://perma.cc/AQM7-S6Q2 ............................................................................ 6

# STATEMENT OF RELATED CASES

The government is not aware of any related cases within the meaning of Federal Circuit Rule 47.5(a). A previous action relating to the same petition for rulemaking at issue here was voluntarily dismissed in 2018. *See Fulcher v. Secretary of Veterans Affairs*, No. 2017-1450 (Fed. Cir.).

## INTRODUCTION

The Transgender American Veterans Association (TAVA) seeks a writ of mandamus from this Court to compel the Secretary of Veterans Affairs to respond to a pending rulemaking petition. The Secretary has now acted on that petition. On February 22, 2024, the Secretary notified TAVA that the agency was formally denying its rulemaking request. *See* Letter from Denis R. McDonough, U.S. Sec'y of Veterans Affairs, U.S. Dep't of Veterans Affairs, to M. Dru Levasseur, Lambda Legal Def. & Educ. Fund, Inc. (Feb. 22, 2024) (Exhibit 1).[1] The response constituted the agency's "final action on the petition for rulemaking." *Id.* at 2.

In light of the Secretary's formal denial of TAVA's rulemaking request, this mandamus action is now moot and should be dismissed. It is well established that "a case becomes moot when a claimant receives all her requested relief." *Mote v. Wilkie*, 976 F.3d 1337, 1341 (Fed. Cir. 2020). Because the Secretary has granted TAVA all the relief it requested in this action—*i.e.*, the Secretary "formally respond[ed] to the rulemaking petition," Pet. Br. 23—TAVA's mandamus petition should be denied as moot.

## STATEMENT OF THE CASE

**1.** Congress tasked the Secretary of Veterans Affairs with providing healthcare services to the nation's veterans. The Secretary exercises considerable discretion in

---

[1] The Secretary issued identical denial letters to each of the attorneys representing the petitioners in the rulemaking.

carrying out that task. For certain veterans, such as those with a service-connected disability, the Secretary "shall furnish hospital care and medical services which the Secretary determines to be needed." 38 U.S.C. § 1710(a)(1)-(2). For other eligible veterans, the Secretary may "furnish hospital care [and] medical services[] … which the Secretary determines to be needed" "to the extent resources and facilities are available." *Id.* § 1710(a)(3).

The Secretary has promulgated comprehensive regulations to implement the statutory mandate. As relevant here, the Secretary provides enrolled veterans with "hospital, outpatient, and extended care services" covered by the "medical benefits package." 38 C.F.R. § 17.38; *see also id.* § 17.36 (enrollment requirement). The medical benefits package generally includes basic and preventive care services, such as access to prescription drugs and periodic medical exams. *Id.* § 17.38(a)(1)(iii), (a)(2)(i).

The medical benefits package also excludes coverage for certain care. *See* 38 C.F.R. § 17.38(c). One such exclusion is for "[g]ender alterations." *Id.* § 17.38(c)(4). In light of that exclusion, the Secretary provides "all medically necessary gender affirming care to transgender Veterans with the exception of gender affirming surgical interventions." Appx377. Veterans seeking such surgical interventions may obtain them outside the Veterans Affairs (VA) healthcare system.

**2.** Petitioner is Transgender American Veterans Association, an organization that advocates on behalf of transgender veterans. Appx6. In May 2016, it filed a rulemaking petition with the Secretary. Appx1. The petition requested that the

Secretary "amend or repeal the rules and regulations, including 38 C.F.R. § 17.38(c)(4) … , that exclude medically necessary sex reassignment surgery for transgender veterans from the medical benefits package." Appx3. The petition further requested that the Secretary "promulgate regulations expressly including medically necessary sex reassignment surgery for transgender veterans in that medical benefits package." Appx3.

The Secretary took a variety of steps in response to the petition. Over the course of 2016, the Secretary drafted a regulatory proposal to revise the exclusion for gender affirming surgical interventions in the medical benefits package. Appx325. The Secretary also performed an initial impact analysis of the proposal. *See* Appx326. But the Secretary did not make the proposal public and ultimately declined to issue a notice of proposed rulemaking that year. *See* Appx327.

In January 2017, TAVA and two individual veterans filed a petition for review with this Court. *See Fulcher v. Secretary of Veterans Affairs*, No. 2017-1460 (Fed. Cir.). The petitioners asserted that the Secretary's failure to move forward with the proposed rule in 2016 amounted to a constructive denial of their petition for rulemaking. Alternatively, the petitioners argued that the agency had unreasonably delayed acting on the rulemaking request. While the matter was pending before this Court, in July 2018, the Secretary published a notice in the Federal Register soliciting comments on TAVA's petition for rulemaking. 83 Fed. Reg. 31,711 (July 9, 2018).

3

Following publication of that notice, TAVA and the other plaintiffs voluntarily dismissed the pending petition for review. Appx366.

After reviewing the various comments generated by the Federal Register notice, the current Secretary initiated a renewed push to address TAVA's rulemaking petition in June 2021. The Secretary announced that the agency was "taking the first necessary steps to expand VA's care to include gender confirmation surgery." U.S. Dep't of Veterans Affairs, *Remarks by Secretary Denis R. McDonough, Orlando VA Healthcare System's 11th Annual Pride Month Celebration* (June 19, 2021), https://perma.cc/ZUB5-CXUE. In accompanying guidance, the Secretary explained that the agency was "reviewing its policies," including evaluating "statutory and regulatory requirements to build out a continuum of care that provides all medically necessary services for our transgender and gender diverse Veterans." Appx377.

The Secretary cautioned that the agency was taking a methodical approach to the development of any regulatory proposal. Such an approach was appropriate, the Secretary explained, to ensure alignment "with current Administration priorities, best medical practice, research, and professional health organizations." Appx377. The Secretary further explained that proceeding methodically was necessary to "develop processes to meet the surgical and care coordination needs so that Veterans have clear and consistent access nationwide," Appx378, which "would enable a safe, coordinated continuum of care that is Veteran-centric," Appx377. The Secretary acknowledged

4

that the process would "take time," but that the agency was "moving ahead." U.S. Dep't of Veterans Affairs, *Remarks by Secretary McDonough*, *supra.*

Since then, the Secretary has taken a number of actions in connection with the consideration of TAVA's rulemaking petition. The Secretary conducted a review of existing policies as well as statutory and regulatory requirements related to the provision of care to transgender veterans. The Secretary then drafted a rule that proposed to revise the gender alterations exclusion in the medical benefits package. Appx393. Because the proposal was designated a "significant" regulatory action pursuant to Executive Order 12,866, Appx394, the proposal was subject to extensive internal governmental review, including by the Office of Information and Regulatory Affairs (OIRA), Appx397; *see also* Exec. Order No. 12,866, 58 Fed. Reg. 51,735 (Sept. 30, 1993).

While the Secretary has made significant progress towards finalizing a regulatory proposal to revise the medical benefits package, that progress has been complicated by several factors, and the Secretary is not prepared at this point in time to finalize a proposal. The proposal remains under review with the agency, which is continuing to consider relevant information, including how the recent enactment of the Sergeant First Class Heath Robinson Honoring our Promise to Address Comprehensive Toxics Act of 2022, may affect any such proposal. *See* Pub. L. No. 117-168, 136 Stat. 1759 (PACT Act).

The PACT Act "is perhaps the largest health care and benefit expansion in VA history." U.S. Dep't of Veterans Affairs, *The PACT Act and Your VA Benefits*, https://perma.cc/AQM7-S6Q2.[2] Among other things, the Act "[e]xpands and extends eligibility for VA health care for Veterans with toxic exposures and Veterans of the Vietnam, Gulf War, and post-9/11 eras." *Id.*; *see* PACT Act, sec. 103, 136 Stat. at 1762-1763 (establishing expansion). The Act requires the Secretary to implement the expansion of benefits to new categories of covered veterans in a phased approach across several years. *See* PACT Act, sec. 103(a)(2), 136 Stat. at 1762. The Secretary is continuing to evaluate the regulatory proposal, including the effect of the PACT Act's eligibility expansion on the provision of healthcare through the VA health system generally and on the provision of care to transgender veterans in particular. *See* Exhibit 1.

**3.** In November 2023, TAVA wrote to the Secretary, demanding "a response" to the rulemaking petition and threatening "to proceed with an enforcement action" if the Secretary failed to do so. Appx546. The Secretary responded to TAVA's letter, explaining that the agency had "reviewed the 2016 petition and believes action is appropriate," but that any "change in VA policies or services like those that are the

---

[2] In the first year of the Act's operation, nearly 114,000 veterans from the PACT Act population enrolled in VA healthcare, contributing to a significant increase in the total number of enrollees compared to previous years. *See* U.S. Dep't of Veterans Affairs, *One Year of the PACT Act: A Historic Expansion of Benefits and Health Care for Veterans and Their Survivors* (Aug. 10, 2023), https://perma.cc/4BST-MCCW.

subject of the 2016 petition must be implemented in a manner that has been thoroughly considered to ensure that the services made available to Veterans meet VA's rigorous standards for quality health care." Appx548. The Secretary reiterated that the agency "plans to act as soon as practicable to address these issues." Appx548.

On January 25, 2024, TAVA filed this petition with this Court, seeking a writ of mandamus to "to compel a formal response from VA to its May 2016 rulemaking petition." Pet. Br. 2. Specifically, TAVA requested that the Court order the Secretary "to respond to the petition for rulemaking within thirty days." Pet. Br. 32.

**4.** On February 22, 2024, the Secretary formally denied TAVA's rulemaking request, which constituted the agency's "final action on the petition for rulemaking." Exhibit 1, at 2. The Secretary reiterated that "Gender Affirming Care should be available to any Veteran who needs it" and explained that "[u]nder its medical benefits package, VA presently provides" a range of such care to veterans. *Id.* at 1. The Secretary declined, however, to grant TAVA's request to initiate a rulemaking at this time to "amend the medical benefits package to provide gender affirming surgery, in addition to the Gender Affirming Care VA presently provides." *Id.*

The Secretary explained that "VA remains committed to providing care to transgender Veterans and will continue to take steps to consider any potential changes to the provision of medical care to that important population." Exhibit 1, at 1. But the Secretary explained that any "potential change in coverage … must be

7

implemented in a manner that has been thoroughly considered and ensures that the services made available to Veterans meet VA's rigorous standards for consistent and quality health care nationwide." *Id.*  In particular, the Secretary explained that, among other considerations, the agency would "produce estimates and collect data concerning the population of Veterans who will become newly eligible" for benefits under the PACT Act, which will "inform further analyses, including whether the Notice of Proposed Rulemaking or Regulatory Impact Analysis VA previously produced must be updated and submitted" for further OIRA review.  *Id.*  "Because VA is not ready at this time to initiate a rulemaking addressing the specific regulatory changes proposed in the petition," the Secretary formally denied the rulemaking request.  *Id.*

## DISCUSSION

TAVA's mandamus petition is moot and should be dismissed.  Article III limits this Court's jurisdiction to "actual and concrete disputes, the resolutions of which have a direct consequence on the parties." *Monk v. Shulkin*, 855 F.3d 1312, 1316 (Fed. Cir. 2017).  "A case is said to lack an actual or concrete dispute where the relief sought by a plaintiff is satisfied." *Id.*  In such circumstances, the case is moot and should be dismissed because "[t]he controversy between the parties has thus clearly ceased to be definite and concrete." *Id.* (quotation marks omitted); *see also Mote v. Wilkie*, 976 F.3d 1337, 1341 (Fed. Cir. 2020) ("[A] case becomes moot when a claimant receives all her requested relief.").

8

These mootness principles apply fully in the context of mandamus petitions based on claims of unreasonable agency delay. This Court and others routinely dismiss such petitions as moot where the agency has taken the action sought to be compelled. *See, e.g.*, *Martin v. O'Rourke*, 891 F.3d 1338, 1349 (Fed. Cir. 2018) (dismissing as moot a mandamus petition to compel the agency to issue a decision on a disability claim after the agency issued the requested decision); *Ebanks v. Shulkin*, 877 F.3d 1037, 1038 (Fed. Cir. 2017) (dismissing as moot a mandamus petition to compel the agency to hold a hearing after the agency held the requested hearing); *In re International Union, United Mine Workers of Am.*, 231 F.3d 51, 53 (D.C. Cir. 2000) (dismissing as moot a mandamus petition to compel the agency to engage in rulemaking after the agency published a notice of proposed rulemaking); *United Steelworkers of Am. v. Rubber Mfrs. Ass'n*, 783 F.2d 1117, 1120 (D.C. Cir. 1986) (per curiam) (similar). The claims are moot and must be dismissed because the relief sought in the mandamus petition—for the agency to undertake the delayed action—has been obtained.

The same outcome is warranted here. TAVA's mandamus petition requested that this Court "compel VA to respond to the petition for rulemaking within thirty days." Pet. Br. 32. Because a "writ of mandamus may not be used to compel an outcome-specific order," *Wolfe v. McDonough*, 28 F.4th 1348, 1358 (Fed. Cir. 2022) (quotation marks omitted), TAVA rightly did not request that the Court order the Secretary to reach any particular outcome on the rulemaking petition. *See* Pet. Br. 23

("Petitioners ask only that VA formally respond to the rulemaking petition."). Indeed, TAVA recognized that the Secretary could "den[y] the rulemaking petition" or engage in a rulemaking process "with which TAVA disagreed." Pet. Br. 27. TAVA requested only that the Court order the Secretary to "respond to TAVA's rulemaking petition." Pet. Br. 2.

The Secretary has now granted TAVA all the relief it requested in its mandamus petition by taking "final action" on the rulemaking request. Exhibit 1, at 2. As explained, on February 22, 2024, the Secretary formally denied TAVA's request to appeal or amend 38 C.F.R. § 17.38(c)(4) at this time in light of the Secretary's conclusion that further consideration was in order regarding any proposed changes to the provision of medical care to transgender veterans. *Id.* at 1. Because the Secretary has granted the precise relief TAVA requested in its mandamus petition—*i.e.*, the Secretary has formally "respond[ed] to TAVA's rulemaking petition," Pet. Br. 2—the case no longer presents a live controversy and should be dismissed. *See Martin*, 891 F.3d at 1349; *Ebanks*, 877 F.3d at 1038; *In re International Union, United Mine Workers of Am.*, 231 F.3d at 53.

## CONCLUSION

For the foregoing reasons, the petition for mandamus should be denied as moot.

Respectfully submitted,

BRIAN M. BOYNTON
  *Principal Deputy Assistant Attorney*
    *General*

GERARD J. SINZDAK
/s/ David L. Peters
DAVID L. PETERS
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7209*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-1673*

February 2024

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 21(d)(1) because it contains 2387 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Garamond 14-point font, a proportionally spaced typeface.

*/s/ David L. Peters*
David L. Peters

# EXHIBIT 1



THE SECRETARY OF VETERANS AFFAIRS
WASHINGTON

February 22, 2024

M. Dru Levasseur
Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY 10005

Dear Counsellor,

It is our mission at VA to provide transgender Veterans – and all Veterans – with the world-class care and benefits they deserve. Gender Affirming Care should be available to any Veteran who needs it. Under its medical benefits package, VA presently provides Gender Affirming Care to Veterans – including hormone therapy, gender affirming therapy, pre- and post-operative care, voice and communication coaching, prosthetic support, and psychosocial support groups. VA also provides pre-operative evaluations for surgical procedures and surgical revisions associated with post-surgery complications.

The petition for rulemaking to repeal or amend 38 C.F.R. § 17.38(c)(4) filed by Dee Fulcher, Giuliano Silva, and the Transgender American Veterans Association (TAVA) requests that VA amend the medical benefits package to provide gender affirming surgery, in addition to the Gender Affirming Care VA presently provides. VA has moved methodically in its consideration of this important potential change in coverage because it must be implemented in a manner that has been thoroughly considered and ensures that the services made available to Veterans meet VA's rigorous standards for consistent and quality health care nationwide. VA remains committed to providing care to transgender Veterans and will continue to take steps to consider any potential changes to the provision of medical care to that important population.

Among other considerations and analyses, in the months to come VA will produce estimates and collect data concerning the population of Veterans who will become newly eligible for hospital care (including mental health services and counseling), medical services, and nursing home care for any illness under Section 103 of the Sergeant First Class Heath Robinson Honoring our Promise to Address Comprehensive Toxics Act of 2022 (PACT Act), one of the most significant laws ever to help millions of veterans who were exposed to toxins and burn pits during their military service. These estimates and data will inform further analyses, including whether the Notice of Proposed Rulemaking or the Regulatory Impact Analysis VA previously produced must be updated and submitted to the Office of Management and Budget.

Because VA is not ready at this time to initiate a rulemaking addressing the specific regulatory changes proposed in the petition, VA hereby denies the petition for rulemaking to repeal or amend 38 C.F.R. § 17.38(c)(4). While VA will continue to

Page 2.

M. Dru Levasseur

consider how and when it might ultimately provide gender affirming surgery, this letter is the VA's final action on the petition for rulemaking.

Thank you for your attention to this matter and your advocacy on behalf of our Nation's transgender Veterans.

Sincerely yours,

*[signature]*

Denis McDonough